IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIA BAUTISTA, CINDY MEDRANO,
LAURA LEYBA, VASTI AGUILAR,
CRYSTELLA LUCERO, MELITA LUJAN,
YOLANDA MONROY and ROBERTA CONTRERAS,

    Plaintiffs,

vs.                                    No. CIV. 01-048 JP/RLP

WHOLE FOODS MARKETS, INC. d/b/a
WHOLE FOODS MARKETS SOUTHWEST L.P.,
a foreign corporation, and LEE VALKENAAR, TOM
RICH, BRIAN LEW, STEWART KATZ, TED
DONOHUE, JOHN ROBERTSON, CHRIS BURDEN,
and RUBEN TERRAZAS, individually and as
supervisors of WHOLE FOODS MARKETS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On April 4, 2001 Plaintiffs filed a motion for remand (Doc. No. 6) and a "Motion for Voluntary Dismissal of Claims One, Three, and Five of First Amended Complaint Pursuant [to] Federal Rule 41(A)(2) and/or Federal Rule 15(A)" (Doc. No. 7), which will be treated as one under FED. R. CIV. P. 15(a). Both motions will be granted.

On September 27, 2000 Plaintiffs brought federal and state discrimination claims against their employer and supervisors in New Mexico's First Judicial District Court. On November 6, 2000 Plaintiffs filed a First Amended Complaint in that state court action, again alleging federal and state law claims.

On December 18, 2000 Plaintiffs filed a Second Amended Complaint in the state court action.  Plaintiffs took the position that the Second Amended Complaint contained no federal claims.  On December 18, 2000 Plaintiffs also filed in the state court action a pleading entitled "Voluntary Dismissal of First, Third and Fifth Causes," by which Plaintiffs purported to dismiss all Title VII claims that had been alleged in the First Amended Complaint.[1]  Plaintiffs stated in the Voluntary Dismissal of First, Third and Fifth Causes that the Second Amended Complaint was "unaffected by this pleading, and is the active pleading in this case."

On January 11, 2001 Defendants removed the case on the ground that it involved federal claims over which this Court had jurisdiction.  Defendants reasoned first that Plaintiffs' Second Amended Complaint filed in state court, which purported to be devoid of federal claims, was filed in violation of NMRA 1-015(A) because Plaintiffs did not obtain leave of court.  Second, Defendants contended that even if the Second Amended Complaint was effectively filed, it in fact still contained federal claims.  Third, Defendants argued that Plaintiffs' Voluntary Dismissal of First, Third and Fifth Causes filed in state court was ineffective because the authority which Plaintiff's cited, NMRA 1-041(A)(1)(a), did not authorize dismissal of less than all claims.

On April 4, 2001 Plaintiffs filed two motions in this action in federal court: one to dismiss "Claims One, Three, and Five" from the First Amended Complaint under either FED. R. CIV. P. 41(a)(2) or 15(a), and the other to remand the case.  Plaintiffs essentially advance two theories for remand.  Plaintiffs first assert that the Voluntary Dismissal of First, Third and Fifth Causes filed in the state court action effectively removed the federal claims from the First Amended Complaint

---

[1] The Fifth Cause of Action in the First Amended Complaint is a claim invoking the Americans with Disabilities Act, not Title VII.

and thus from the case.[2]  Plaintiffs argue alternatively that if the Voluntary Dismissal of First, Third and Fifth Causes did not have the intended effect, remand is proper if the Court grants their motion to dismiss Claims One, Three, and Five from the First Amended Complaint.  Plaintiffs contend that regardless of whether the proper vehicle for dismissal is NMRA 1-041(A)(1) or FED. R. CIV. P. 41(a)(2) or FED. R. CIV. P. 15(a), no federal claims do or will remain and remand therefore is or will be warranted.

NMRA 1-041(A)(1) and FED. R. CIV. P. 41(a)(2) by their terms each permit voluntary dismissal of an "action."  No New Mexico appellate court has interpreted whether NMRA 1-041(A)(1) authorizes dismissal of less than an entire complaint.  There is authority for interpreting FED. R. CIV. P. 41(a) to permit voluntary dismissal of portions of a case.  9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2362 (2d ed. 1994); see also Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) (construing only Rule 41(a)(1)).  Nevertheless, the Tenth Circuit has stated that Rule 41(a) permits only voluntary dismissal of an entire case, rather than a part of it.  Gobbo Farms & Orchards v. Poole Chemical Co., 81 F.3d 122, 123 (10th Cir. 1996).  It is not necessary to decide whether NMRA 1-041(A)(1) and FED. R. CIV. P. 41(a)(2) afford an avenue for dismissal of fewer than all claims.  Even if NMRA 1-041(A)(1) and FED. R. CIV. P. 41(a)(2) do not permit Plaintiffs to voluntarily dismiss only the federal claims from their case, FED. R. CIV. P. 15(a), in effect, does.[3]

---

[2] Plaintiffs do not assert that the Second Amended Complaint accepted for filing in state court was effective in superceding the First Amended Complaint filed there.

[3] As then-Circuit Judge Blackmun observed, it may not be material whether Rule 15(a) or 41(a)(2) is the proper rule for elimination of fewer than all claims.  Johnston v. Cartwright, 355 F.2d 32, 39 (8th Cir. 1966).

Defendants have responded to both pending motions with a single brief. Defendants assert in a heading of a section in their brief that "Plaintiffs' Request to Amend Their Complaint to Ostensibly Remove Their Federal Claims Should be Rejected." (Doc. No. 8 at 5.) However, the reasons Defendants give are not rooted in Rule 15(a). Defendants' only arguments that even relate remotely to Plaintiffs' Rule 15(a) motion concern the content of the Second Amended Complaint and the propriety of permitting a plaintiff to remand a case contingent on amending the complaint. Rule 15(a) provides that leave for a plaintiff to amend a complaint should be freely given when justice so requires. Foman v. Davis, 371 U.S. 178, 182 (1962) (stating that "this mandate is to be heeded"); Viernow v. Euripides Dev. Corp., 157 F.3d 785, 799-800 (10th Cir. 1998) (noting that decision to grant leave to amend lies within the sound discretion of the trial court). As even Defendants seem to agree, a case such as this in which Plaintiffs at an early stage have chosen not to pursue federal causes of action is one in which leave to amend should be granted. Plaintiffs also should not be forced to maintain federal claims simply because they prudently first pursued the administrative prerequisites to those claims.

The real question is the effect of the Second Amended Complaint. The Second Amended Complaint presented in federal court contains nine expressly numbered causes of action. The headings of each of these counts all make reference to New Mexico statutes and common law, and not to any federal law. In contrast, Plaintiffs' First Amended Complaint contained twelve numbered causes of action, three of which quite clearly invoked federal law (the First and Third Causes of Action under Title VII, and the Fifth Cause of Action under the Americans with Disabilities Act).

The Second Amended Complaint contains an assertion, as did the First Amended Complaint, that "the New Mexico Human Rights Division and the Federal Equal Opportunity Employment Commission have dismissed" at least one Plaintiff's charges "so that she may pursue her remedies in this forum." (Ex. 1 to Doc. No. 7 at ¶16.) Plaintiffs in the Second Amended Complaint also make reference to Equal Opportunity Employment Commission investigations, some complete and some not, id. ¶¶ 19, 25, 30, and 33, and state that when the unfinished investigations conclude, Plaintiffs will amend their complaint, id. ¶¶ 25, 27, and 33.[4] Plaintiffs also seek punitive damages, id. at pages 40-42, which apparently are unavailable under the New Mexico Human Rights Act, Gandy v. Wal-Mart Stores, Inc., 117 N.M. 441, 443 (1994) ("Punitive damages are sometimes recoverable in tort actions but are not recoverable under the Human Rights Act."). Defendants refer to these portions of the Second Amended Complaint as evidence that Plaintiffs "do not rely exclusively upon state law," Doc. No. 8 at 7, or that Plaintiffs might in the future rely on something other than state law, id. at 6.

The provisions to which Defendants cite do not give rise to a federal claim. Mention of a federal agency, without reference to a specific federal law, does not state a federal claim. This conclusion is not disturbed by the fact that one state statute under which Plaintiffs sue may not provide a type of requested relief. As indicated in a case which Defendants have called to the Court's attention, Plaintiffs' several tort theories may permit claims for punitive damages, even if claims under the New Mexico Human Rights Act do not. Gandy, 117 at 443. Similarly

---

[4] Defendants also state that Plaintiffs' Second Amended Complaint notes that "all federal laws have been complied with and that the issuance by the Equal Opportunity Employment Commission of a notice of right to sue evidences the validity of the complaint." (Doc. No. 8 at 7, citing nothing). It appears that these assertions are merely characterizations of the portions of the Second Amended Complaint which Defendants did cite previously.

persuasive is the fact that the expressly numbered claims in the Second Amended Complaint invoke only state law, in contrast with the causes of action in the previous complaints. Still further, Plaintiffs represent that they wish to dismiss all of their federal claims with prejudice. Whether Plaintiffs might later attempt to move to amend their complaint again so as to revive federal claims is an issue that is irrelevant to the present motions.

The next question then is how to view Plaintiffs' motion to remand in light of having granted Plaintiff's motion to amend under Rule 15(a) and having determined that the Second Amended Complaint contains no federal claims. Defendants urge that I should follow Bennett v. Beiersdorf, Inc., 889 F. Supp. 46 (D. Conn. 1995). In that case as in this, the plaintiff moved to amend her complaint to delete federal claims following removal. Bennett, 889 F. Supp. at 48. At the same time, she moved to remand. Id. The District of Connecticut described that as "not an acceptable maneuver." Id. I cannot agree. The Supreme Court has considered the propriety of the very same procedural facts and has found that a remand to the state court in such circumstances is quite proper. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 346, 351, 357 (1988) (analyzing whether district court should have remanded case or simply dismissed it after amendment deleting federal claims, finding remand was within district court's discretion). Moreover, since Cohill, Congress has amended the relevant statute (28 U.S.C. § 1447(c)) to state explicitly that if at any time it appears that the district court lacks subject matter jurisdiction over a removed case, the district court "shall" remand it. Compare 28 U.S.C. § 1447(c) (cited in Cohill, 484 U.S. at 346 n. 2) with 28 U.S.C. § 1447 (2000). With only state claims remaining there is no subject matter jurisdiction in federal court. Accordingly, this case will be remanded.

IT IS THEREFORE ORDERED THAT Plaintiffs' motions to amend their First Amended Complaint under FED. R. CIV. P. 15(a) and to remand the case under 28 U.S.C. § 1447 are granted, and this action will be remanded by a separate Order of Remand.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**